**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1154
_____

UNITED STATES OF AMERICA

v.

LEE CARABALLO,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-14-cr-00255-001)
District Judge:  Honorable Esther Salas

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 18, 2022

Before: CHAGARES, Chief Judge, KRAUSE and MATEY, Circuit Judges

(Opinion filed: August 30, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Lee Caraballo appeals from the District Court's order denying his

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The Government has

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed a motion for summary affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Following a 2014 jury trial, Caraballo was found guilty of carjacking and a firearm offense, and, in 2015, he was sentenced to an aggregate term of 135 months in prison, which was the bottom of the Sentencing Guidelines range. We affirmed on direct appeal. See United States v. Caraballo, 643 Fed. Appx. 163 (3d Cir. 2016). The District Court denied Caraballo's 28 U.S.C. § 2255 motion, and he did not appeal.

In April 2021, Caraballo filed a pro se motion for compassionate release in light of the COVID-19 pandemic. See generally 18 U.S.C. § 3582(c)(1)(A)(i) (providing that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction"). Generally, Caraballo expressed concerns about the serious risks of COVID-19 infections, the unknown but concerning long-term effects of COVID-19 infections, and the inability of prisons to keep inmates safe from infections. Specifically, Caraballo asserted that conditions at his prison were particularly poor with regard to COVID-19 prevention, and that he suffered from several mental-health conditions that had been exacerbated by the pandemic. He claimed that, in addition to the deleterious effects of his mental-health conditions on his general well-being, his conditions resulted in high levels of stress, which made his immune system more susceptible to a COVID-19 infection and increased his chances of becoming severely ill. In response, the Government argued that Caraballo failed to exhaust his administrative remedies, that his

2

medical conditions and risk of contracting COVID-19 did not constitute extraordinary and compelling reasons for a sentence reduction, and that the factors set forth in 18 U.S.C. § 3553(a) counseled against his release.

The District Court denied the motion. The Court concluded that it was "doubtful" that Caraballo had exhausted his administrative remedies, but that, even assuming he had successfully exhausted, he failed to establish extraordinary and compelling reasons for a sentence reduction and the § 3553(a) sentencing factors did not support a reduction to his term of imprisonment.

This appeal ensued. The Government has moved for summary affirmance.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order for an abuse of discretion, see United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), and we "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (quotation marks and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

We discern no abuse of discretion in the District Court's decision to deny Caraballo's motion. A district court "may reduce [a federal inmate's] term of

3

imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We cannot say that the District Court committed a clear error of judgment in concluding that a number of the § 3553(a) factors—including Caraballo's criminal history and the need to reflect the seriousness of the offense and to protect the public— precluded granting compassionate release here. Moreover, the District Court reasonably determined that the fact that Caraballo had only served 94 months of the 135 months imposed weighed against early release. See, e.g., Pawlowski, 967 F.3d at 330-31 (concluding that a district court had not abused its discretion in denying a motion for compassionate release because, among other reasons, the defendant had served only a small portion of his sentence).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.